This next case is 413-0118, People v. Willis for the appellant is Mr. Schuster, for the Good afternoon, your honors. May it please the court. May it please counsel. I am Dwayne Schuster of the Office of the State Appellate Defender. I represent the defendant Jermaine Willis in this case. Mr. Willis was convicted after a jury trial of first degree murder and aggravated discharge of a firearm. He received concurrent sentences of 43 years and 15 years on the prospective. Today I would like to address the issues in the order in which they were presented in the brief, beginning with the first issue. The trial court deprived Jermaine Willis of a fair trial when it refused his request to instruct the jury on the offense of reckless discharge of a firearm as a lesser included offense of aggravated discharge of a firearm. And your honors, I'm going to start with some first principles here. Chambers v. Mississippi, United States Supreme Court in 1973 recognized that the right to due process in a criminal trial encompasses the right to a fair opportunity to defend against state's accusations. People v. Jones in Illinois Supreme Court decision from 1997 recognized that a defendant is entitled to an instruction on his theory of the case if there is some foundation for the instruction and the evidence. And these principles implicate due process. They implicate fundamental fairness. That was recognized in People v. Ogonzola in 1981. With respect to Jermaine Willis' case, People v. Williams, a second district decision from 1997, specifically held that offenses involving the less culpable mental state of recklessness can constitute lesser included offenses of aggravated discharge of a firearm in certain circumstances. In Mr. Willis' case, the state argued that he knowingly or intentionally discharged a firearm at or into a building he knew or reasonably should have known to be occupied. Mr. Willis' entire defense to the charge of aggravated discharge rested upon the concepts of recklessness and reckless discharge of a firearm. Moreover, substantial evidence was presented upon which a jury reasonably could conclude that Mr. Willis' actions were reckless, not knowing or intentional. On the evidence presented, a jury properly provided with the defendant's tendered instructions on recklessness reasonably could have concluded that he committed reckless discharge of a firearm rather than aggravated discharge, which requires the more culpable mental state of knowledge. Whether Mr. Willis acted recklessly rather than knowingly or intentionally was a proper question for the jury in this case, and the trial court should have provided the jury with Mr. Willis' tendered instructions on recklessness and reckless discharge of a firearm. He was convicted in this case of felony murder. What's the mental state applicable there? People v. Davis, Illinois Supreme Court decision from 2004 states that with respect to felony murder, the specific felony murder statute does not specify a mental state. Well, then how does a lesser-included instruction apply for a lesser mental state than felony murder, which has none? It's very difficult to answer that question without conflating the separate issues between the fact that he was actually tried on a charge of aggravated discharge as well as a charge of felony murder. What I will say is this. People v. Davis was a very fact-specific case, and the Illinois Supreme Court was very careful in limiting the language of Davis to the facts of that case. Now, I understand that in Davis, the court ultimately concluded that reckless mental state offenses could not be applicable in that particular case. But it was because the predicate offense in Davis was mob action. The predicate offense itself in Davis did not involve mental states that were more culpable than recklessness. And that was the key to the decision in Davis. With respect to the aggravated discharge of a firearm count, which was presented to the jury as a separate charge and a separate offense in this case, Williams, from the Second District, leads inexorably to the conclusion that he was entitled to instruct the jury on recklessness as a mental state and on reckless discharge of a firearm. What if it wasn't a separate charge? What if the sole charge was felony murder based on aggravated discharge of a weapon? People v. Davis would make my case harder. But it is my position that People v. Davis does not preclude the conclusion that I want this court to produce in this case. I think the state is agreeing that the aggravated discharge conviction should be dropped as essentially merged into the felony murder conviction. The problem with that, it doesn't solve the problem in this case because that assumes that the felony murder conviction is valid. Well, but the point I'm making is I don't know that we need to focus upon the aggravated discharge of a firearm count or conviction at all. I don't think that has any legal significance that it was count two as opposed to not being present when evaluating the legitimacy of count one. Does it? Yes, it does. Because you can't get to felony murder and the jury in this case, your honors, was specifically instructed. You can't get to felony murder until you first determine whether the defendant committed aggravated discharge of a firearm. They'd have to be so instructed if it was just count one alone, wouldn't they? Wasn't that the basis of the felony murder charge? That he committed an aggravated discharge of a firearm and in the course of conduct someone died? Yes. So in order to prove that case, the court is going to have to instruct the jury on aggravated discharge of a firearm, won't they? Yes. Okay. So count two doesn't matter, does it? The jury is going to be instructed the same whether, in other words, the instructions of the jury will be the same even if there were no count two for the jury to consider. All right. I see that point, your honor. It doesn't alleviate the problem that the jury has to find a predicate offense and that Illinois case law recognizes that with regard to that predicate offense. So your argument apparently seems to be that if the predicate offense has arguably a lesser included component, then the jury should be instructed in that so as to defeat the felony murder? That is my position, your honor. Would we be the first case or first court to hold? I am not aware of a court, either appellate court or Illinois Supreme Court decision that has distinguished Davis to this point, your honor. What I would be suggesting here is that, and what I have suggested in my brief, is that there is reasonable and logical authority that would allow distinguishing the facts of this case from the facts in Davis that would still hold true to Davis' basic holdings. I would like to refer to some language from Davis. Davis doesn't say anywhere in its opinion that felony murder is a strict liability offense in which mental states are irrelevant. It's language, specific language, that for involuntary manslaughter to be a lesser included offense of felony murder, the felony murder count must include a more culpable or equally culpable mental state as involuntary manslaughter. Implicitly recognize that some cases might arise in which those very facts were present. I read it as saying, and therefore, it doesn't apply because felony murder has no mental state. So therefore, involuntary manslaughter can't be a lesser one. I beg your pardon. I do apologize that I interrupted. Go ahead. I didn't realize you couldn't finish your point, your honor. Go ahead. What the court specifically said right after the language that I quoted was that as charged in this case under the language of this indictment, we cannot find a lesser included offense for felony murder. That's my point. Is there any case law anywhere where the Supreme Court or any appellate court has said that felony murder contains a mental state? I'm not aware of it. Well, I'm not either. So then why would this distinction that you appear to be drawing have any basis? That is, for the Supreme Court's sake, in this case, there is no mental state applicable to felony murder. I think the court wasn't saying in this case, as opposed to the other many instances in which we have so held, because there aren't any other instances in which they've so held. At best, it might be a little ambiguous in what the court meant in this case. But, in fact, in the absence of any court holding that felony murder has a mental state, why do you think that that language should be viewed as implying that it does? I just, for one thing, the language that I quoted before leaves that open. And for another, if you interpret Davis as imposing strict liability for felony murder with no consideration of differing mental states. Isn't that Illinois law? Isn't that where we are? I mean, if it's felony murder, if a police officer shoots the defendant's accomplice during an armed robbery, the defendant is guilty of felony murder. Doesn't that mean that there is no mental state applicable? On the facts of that particular case. Well, but the facts would only work if that's what the law says, that there's no mental state applicable. Well, let me, I don't want to talk about this at length, because there's another question I wanted to ask. You were talking about how the error was in denying the defendant's request for an instruction on reckless conduct, a reckless discharge of a firearm. Is that? Yes. Because doesn't that statute read that a person commits a reckless discharge of a firearm by discharging a firearm in a reckless manner which endangers the bodily safety of an individual?  In order to agree with your argument, wouldn't we have to conclude that that statute would include the situation in which the individual isn't endangered, but killed? If the individual was killed, the individual was endangered. Well, okay, well then let me ask you this. In the typical intentional murder case, is the defendant entitled to an instruction on aggravated battery? On the grounds that you want to argue that the defendant intentionally caused great bodily harm to the victim, and we want the jury to be instructed on that. The great bodily harm, of course, being the victim's death. Would that apply, too? Well, it was great bodily harm, just like here. The answer that comes to my mind is that that is a matter of what the prosecutor decided to charge in that particular case. There was a death, and it meant the elements for first-degree murder in that scenario. Well, but why shouldn't the defendant be able to argue, well, yeah, he's dead, but he caused great bodily harm, and maybe the jury would want to convict him of that lesser crime. Well, I'm not aware of a situation where a court has determined that aggravated battery can be a lesser crime. I'm not either. But I'm just saying, I think, but the problem, as I see it, and why that would be the case, is because trial judges would say, well, counsel, the victim's dead. It doesn't look like aggravated battery would fit. That's great bodily harm, but the difference is great bodily harm works when the victim lives, and if the victim is dead, now we're talking about first-degree murder. When you're using language, he discharged a firearm in a reckless manner which endangered the bodily safety of an individual. That suggests to me that the legislature didn't mean, and by the way, the endangered individual is dead as a result of the shooting. It seems to me that's rather more. Well, I guess I'm in a corner here, I can't. Well, in other words, endangered is a broad enough term that should include he's endangered even when he's killed. Yes. So that's why reckless conduct, reckless discharge of a firearm would apply.  Well, I'm just trying to figure, as a matter of statutory construction, does the endangered, the bodily safety of an individual, normally, just normal parlance, when I say, well, Mr. Schuster engaged in an act which endangered the bodily safety of Ferd Burfill, I wouldn't be speaking that way of Burfill's death. I'd be speaking that way if, for instance, he fired a weapon recklessly in his direction. You see the difference I'm making here? Endangered strikes me as an odd fit, if at all, for when the victim dies. And if it's an odd fit, then when the victim's dead, reckless discharge of a firearm wouldn't fit at all, would it? It seems to me that in this particular case, it would have to, because you cannot disengage the felony murder from the predatory felony. And the predatory felony most certainly does allow for reckless mental state offenses to be lesser included offenses. And the jury had to determine whether that offense was committed before they could reach the question of whether felony murder was committed. I've taken up an awful lot of your time, and I want to give an opportunity to make the other points you wanted, Mr. Schuster. Well, Your Honor, what we've discussed here, it's kind of bled into both of the first two substantive issues in the brief. Basically, the second issue, I was inclined to stand on the arguments I had raised in the brief. I would welcome any questions from the panel. Any further questions? Well, I will, as long as you put it that way, point out that I thought you did a nice job in your brief for raising these issues. It's not as if by not addressing them further now, you're giving them up, because you did call them to our attention earlier. The brief being the more important, of course. Thank you, Your Honor. With that, I would respectfully request that the Court reverse both of Mr. Willis' convictions and remand for a new trial. Okay, you'll have an opportunity to address this again in rebuttal, Mr. Schuster. Mr. McNeil? May it please the Court? Counsel? Justice Steinem is correct regarding the strict liability of mental state, or lack of a culpable mental state, in felony murder. People v. Phillips, the First District case, I did cite. Of course, you're not obligated to follow it. However, they relied heavily on Davis and interpreted Davis as specifically excluding any culpable mental state from the predicate or underlying felony in a felony murder case. Even if you choose not to follow Phillips, they at least note that strict liability is the fundamental nature and purpose of the felony murder charge. If you're committing a felony and someone dies, it limits the breaks. What about just as a technical matter here, and this is a little different than usual, as I asked Mr. Schuster, what we're talking about here is in a felony murder context, leaving aside count two, because I wonder why is the state thinking about that at all? Yeah, with the aggravated discharge of a firearm, which is the predicate felony, it's like charging rape and battery. What's the point? But this is pretty fundamental stuff. If you're talking about felony murder, as it's been defined, it's a felony, and during the course of that felony, someone dies. I don't recall, and it wasn't a rhetorical question when I asked Mr. Schuster, is there any case law to the effect that a lesser included claim with regard to the predicate felony can be made, so as to give the jury, I guess, the option of instructing them that if you find the lesser included offense, which may be a misdemeanor, as I guess here, reckless discharge of a firearm, then that defeats the felony murder count, because it's got to be based on murder while they're in a commission of felony. Perhaps the reason we don't have case law at this point is maybe the other lesser included that arguably might be made would be felonies themselves, so there would be no point in reaching that result, but I'm just kind of curious about this. What about this, Mr. McNeil? I would agree with you, and I think maybe the lack of case law, Davis is, I think, 06, it's been about 8 years now, and from my reading, it specifically rejects any question about felony murder not being a strict liability offense. From a legislative intent standpoint, the legislature could have put a culpable mental state into the felony murder statute. Well, the Supreme Court of Illinois has taken a, I think, not reasonably, but a really harsh, reviewed very harshly the whole felony murder rule. To the extent, I don't remember the name of the case, but I remember facts well, that the accomplice who is shot dead by a police officer during the commission of this robbery, armed robbery, is a basis for finding his surviving accomplice defendant guilty of felony murder. Much more drastic example. Yeah, and you know, it seems to me that the whole idea of lesser included offenses to the predicate offense doesn't fit, because after all, the cop, when he shot the guy, forget about lesser included, it was a justified shooting. There was no crime in the cop shooting him at all. So therefore, how does it work to say, well, if that's a justified shooting, then there was no felony committed. That's not, well, I've been at this a long time, and I don't recall seeing anything quite like this. So these aren't rhetorical questions I'm asking you. I'm not aware of any case that finds contrary to that. Like I said, Davis is pretty on point, and it would open the door to a lot of kind of getting around any felony murder charges. I know that the example you gave is many times the horror story that people give when talking about felony murder Well, I guess that's in the eye of the beholder. I want to make it clear. I'm hardly stating it critically. As I think it was Justice Freeman wrote, you know, if you find this to be too harsh a result, there's a solution. Don't be committing felony offenses, and then you don't have to worry about it. That's why I think exactly the legislature's nature and purpose of the felony murder statute, that's exactly the point of the felony murder statute. That's the existence, the point of its existence, I would say. Here, assuming that's not the case, go to the issues from the brief. Defendant is basically arguing for a charge he couldn't have committed, reckless discharge, and he testified specifically that he didn't commit. Why couldn't he have committed reckless discharge? The defendant's testimony was he didn't shoot anywhere near the house. He shot in a different direction. By the way, I wasn't clear to me, is it defendant's personal shooting or his guilt as an accomplice to The state's only theory was that this Aaron Miller guy was a fabrication. Oh, that there was no such guy. Well, at least not present, not doing any shooting at the scene. I guess the state's theory is it wouldn't matter anyway. Well... Because as the defendant described it... Defendant's theory or his testimony was that he shot in a 70 to 80 degrees, which is up in the air, in a different direction towards an abandoned house. It's not anywhere close to the trajectory of any bullets that have ever been fired in the history of mankind towards this other house where the victim was killed. Then he looks away. Aaron Miller takes the gun. He hears three shots, looks back, and Aaron Miller is pointing the gun towards the house. So basically, defendant's defense wasn't recklessness. Defendant's defense was innocence, acquittal. There was no reckless discharge. Again, as you pointed out, Justice Steinman, there needs to be bodily endangerment. Looking at the defendant's case, there was no bodily endangerment of any... The only endangerment, if you want to call it that, was the victim dying here. There was no testimony of someone hearing bullets in this other direction where the defendant was firing. So there must be some evidence that's well settled. There must be some evidence to support these instructions. Here, there just simply wasn't. There was either the state's theory, defendant... This house was lit up. Defendant knows the area. Defendant knows the gap in between the trees. Defendant intentionally shoots into this house. That's not recklessness. And if you want to take it further, as you wrote, Justice Steinman, in Grimes, when the defendant intends to fire a gun, points it in the direction of the person. This conduct is not merely reckless. I cite it in my brief. So the evidence can be slight to warrant obstruction. Everybody knows that. But it has to be some evidence. And here, there was just none to warrant any kind of reckless state of mind or reckless discharge. Also, if we want to go down the road of assuming there is evidence to support the reckless discharge, it was not a lesser included here. The case's defendant cites Collins and Williams. The distinguishing fact is that they're both a different section of aggravated discharge. The section of defendant pointing a gun at a person and firing. It's pretty hard to argue that that's not endangering that person. The hypothetical I gave of being convicted of a greater aggravated discharge and not guilty of a lesser reckless is a two-story house. A gunman shoots into the top. The occupants are all in the basement. Is that bodily endangering the people in the house? That's an argument, but we can take it further. In Chicago, Hancock building, 2 a.m., defendant shoots the Starbucks window out of the Hancock building. No one's in the first floor. No one's in any of the first commercial floors. The only people in the Hancock building, although lights are on, are towards the top of the apartments. It was 2 a.m. It would be a pretty hard argument to say that someone was bodily endangered there. So he fired it and added it into a building. So he's convicted of guilty of aggravated discharge, not guilty of reckless discharge. It should also be established, and I think this case is the perfect time to do it, I've seen confusion in a few cases, the approach to take when determining the lesser-included offense. In this case, it should be the abstract elements approach. Why? Because the defendant was on notice of these possible lesser-included offenses. How do we know that? He's the one who intended these lesser-included offenses. Of course, he was preparing his defense for that fact or whatever. He wasn't blindsided by these offenses. That's when the charging instrument approach should be used. The broad outline of the charging instrument approach should be used when the defendant is convicted of an uncharged lesser-included offense because there's a possibility he wasn't on notice of preparing for this defense. That wasn't the case here. The defendant was convicted of the same charges he was from the beginning of the case. So abstract elements approach should be used. The basic gist of that is it must be impossible to commit a greater offense without necessarily committing a lesser. I gave you the exact scenario that that's possible here. The other specific argument had to do with involuntary manslaughter. Again, the Davis and Phillips case are directly on point there. They're cited in my brief. In fact, the trial court relied on Davis in making his point that there was no culpable mental state in the felony murder, so involuntary manslaughter instructions. They didn't abuse their discretion in denying those instructions. Also, I think it's important to point out that the trial court specifically found that there was no bad fate on behalf of the counsel of the prosecution. There was no subterfuge or anything like that in dropping the knowing murder charge. So I think that the court's discretion there should hold great weight. It's binding there. Also, Davis pointed out the well-settled principles that the state's attorneys vested  The defendant, in this case, seems to be mad that he committed certain felonies and didn't commit other ones. A criminal does not have the right to choose his own prosecution or punishment. Do you not have any questions? Apparently not, so thank you, counsel. Mr. Schuster? Thank you. I want to clarify a point in which I respectfully disagree with my opposing counsel. Aaron Miller was not a fabrication. The state did not present Aaron Miller as a fabrication. The reason we know why is that the state submitted instructions on accountability over defense counsel's objection. So the jury has instructed that if the defendant will run for who he's responsible, blah, blah, blah. Yes, the jury was instructed on that. I'm not sure, and that's why I asked Mr. McNeil, I'm not sure how that would make any difference to our analysis. Do you think it does? Well, the thing that struck me about that is that, given that the jury was provided an accountability instruction, we don't know whether they convicted Mr. Willis based on his actual acts or based upon accountability for the acts of Aaron Miller. It's a gray area. You don't know. Does it matter for purposes of the argument you're bringing? I don't think it does because the entire encounter, the entire incident, if you accept the defendant's version of what happened, would raise the question of his recklessness rather than knowing or intending to do anything with regard to the house that was on North Grand Avenue. The way I look at this case, he presented the evidence of recklessness and the jury should have been instructed on that. It just doesn't make a whole lot of difference whether they decided based on accountability or on his own acts. With regard to counsel's comment that People v. Collins' Illinois Supreme Court decision from 2005 is inapplicable here, no it's not. The Collins analysis would apply to either prong of the aggravated discharge statute. Basically, Collins emphasized that it's absurd to conclude that there's no bodily endangerment when shots are fired either in the direction of a person or in the direction of a building that is occupied by people. Counsel's distinction that he wishes to raise has been completely refuted by People v. Collins. That also goes to counsel's point that you should apply the abstract elements approach in this case. Since Collins basically refutes his entire argument that bodily endangerment doesn't apply in this specific scenario for aggravated discharge, it doesn't matter whether you apply abstract elements or the approach articulated in People v. Williams. Either way, it's impossible to commit a greater offense without also committing a lesser. Let me ask again, Mr. Schuster, because I want to make sure I understand your argument. I'm not putting words in your mouth. It is your contention with regard to felony murder that the jury should have been instructed on reckless discharge of a firearm, which is a misdemeanor. Is that right? Well, first question, is it correct that it's a misdemeanor? I do not recall. I was under the impression it was a lesser felony. Well, I don't recall either, but that's how I wanted to get to your argument. I don't know which class, and honestly, Your Honor, that was my impression that reckless discharge was a felony. Well, if your contention is the evidence showed reckless discharge of a firearm, would that be, and the jury should have been so instructed, assuming it's a felony, then how would that matter for purposes of the felony murder conviction, since the felony murder conviction is someone dies in the commission of a felony? It matters because the statute specifies that it has to be a forcible felony, and it actually lists certain forcible felonies, and it says, or other forcible felony. I'm not aware of any case that has defined reckless discharge of a firearm as a forcible felony. That's why it makes a difference. So the argument would be the lesser included offense should have, an instruction should have been given with regard to the predicate felony charge, so that if the jury were to find the lesser included offense having been committed, then the felony murder conviction wouldn't follow? The jury should not convict them? Right, that's my position. And again, I just want to make sure, to your knowledge, has this argument ever been made or any court ever so held before? Yeah, I didn't check on that when I was making the argument in the briefs, and I'm not aware of any case where this argument was presented before. I have to be honest about that. Well, thank you, counsel. We'll take this matter and advise for three days.